AF Approval /s/                              Chief Approval /s/

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:15-cr-23-Orl-41DAB

JEREMY L. ADDISON

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, JEREMY L. ADDISON, and the attorney for the defendant, Stephen J. Langs, mutually agree as follows:

**A.     Particularized Terms**

    1.     Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Five of the Indictment. Count One charges the defendant with assault of a federal law enforcement officer, in violation of 18 U.S.C. § 111(a)(1). Count Five charges the defendant with threats against the President of the United States, in violation of 18 U.S.C. § 871(a).

    2.     Maximum Penalties

Count One carries a maximum sentence of 8 years' imprisonment, a fine of not more than $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100.

Defendant's Initials JA

Count Five carries a maximum sentence of 5 years' imprisonment, a fine of not more than $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First: That the defendant "forcibly assaulted" the person described in the Indictment, that is, inflicted an intentional threat or attempt to cause serious bodily injury when the ability to do so was apparent and immediate; and

Second: that the person assaulted was a federal officer, then engaged in the performance of an official duty, as charged.

The elements of Count Five are:

First: That the defendant mailed, wrote, or said the words alleged to be the threat against the President;

Second: that the defendant understood and meant the words as a true threat; and

Third: that the defendant knowingly and willfully mailed, wrote, or said the words.

Defendant's Initials JA   2

4. Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two, Three, Four, Six, Seven, and Eight, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to any victim of the offenses.

7. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to

Defendant's Initials JA    3

withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials JA          4

9. <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

B. **Standard Terms and Conditions**

1. <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to,

Defendant's Initials _JA_     5

garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

    2.    <u>Supervised Release</u>

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not

limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of

Defendant's Initials  JA          7

making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

*JA* 7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials *JA*  9

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if

Defendant's Initials JA            10

defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

In February 2014, the Volusia County Sheriff's Office notified the United States Secret Service (USSS) Jacksonville office that they had received a letter threatening to kill President Obama. The letter was addressed to the "Volusia County Sheriff's Department Administration." The return address stated, "Jeremy Addison #914384, Volusia County Branch Jail, 1354 Indian Lake Road, Daytona Beach, FL." The letter stated:

Defendant's Initials  JA          11

> Mr. Obaman,
>
> I hope you had fun as the United State's president because by law of the "united blood nation" you must indeed die. I've gave you a chance before..but now your time has come..and today you'll meet your maker. I'm sure this anthrax will indeed do the job you punk ass cunt.
>
> Jeremy Addison a.k.a. Magnificent Da Blood Beast

No hazardous substances were found in the letter.

On February 6, 2014, USSS Special Agent (SA) Gregory Howard and Volusia County Sheriff's Office Lieutenant Morgan interviewed ADDISON at the Volusia County Jail. During the interview, ADDISON admitted that he wrote the letter and reiterated that he wanted to kill President Obama. ADDISON claimed that he could have killed the President while he was out of jail and should have killed the President when he had the chance. As the interview concluded, ADDISON spit in SA Howard's face and yelled "Mother Fucker I am going to kill you too!"

In September 2014, ADDISON sent two more letters from the Volusia County Jail, one addressed to "US Court of Appeals 11th Circuit" and one to "US Attorney General, Department of Justice." Both of these letters were discovered by Volusia County Jail Warden William F. McClelland after ADDISON put them in the outgoing mail. Warden McClelland stated that while he was conducting an exterior check of ADDISON'S mail, he rubbed his hands over the letters and saw a mist of white powder come from the letters. Warden McClelland stated that the white powder smelled like baby powder. At that time,

Warden McClelland notified the Volusia County Sheriff's Office and maintained custody of the letters, but he did not open them.

Both letters are titled "Dear Mr. President Barack Obama" and appear to be written in the same handwriting. Both letters also contain very similar rhetoric involving perceived slights to African-Americans by President Obama. Finally, both letters state that the writer intends to kill President Obama. Specifically, one of the letters states in part, "you gone be the first to die I'm doing this for the family's of Trayvon Martin..Marlon Brown..Corey Tanner..Travon Lacy..George Davis..and Michael Brown. I be life chump you're a dead man Fuck boy I hate swine. P.S. I'm the general me..and anthrax, so yes I intend to kill you." The other letter states in part, "know our people are sick of the injustice..and racial profiling. We intend to take our own actions now..and also plan to behead you for the justice of (Trayvon Martin)..(Marlon Brown)..(Travon Lacy)..(Corey Tanner)..(Geroge Davis)..(Michael Brown)..and all the other fallen young black men. Black's will not put up with this shit anymore we have (zero tolerance) for any injustice behavior..and as general bloody beast I signed off on your death sentence. P.S. check out this unique..and authentic form of (anthrax)." Both letters are signed "Bloody Beast."

Fingerprint analysis completed by the Volusia County Sheriff's Office revealed that the letters returned two matches. One letter had ADDISON'S fingerprint, while the envelope for the other letter had C.D.G.'s fingerprint.

Defendant's Initials JA            13

SA Jim Keller interviewed C.D.G. at the Sumter Correctional Institute in Bunnell, Florida, where C.D.G. is currently serving a 4-year prison term for a number of burglaries in Volusia County. When questioned about ADDISON, C.D.G. stated that he and ADDISON were cellmates in the Volusia County Jail. According to C.D.G., ADDISON handed him the envelope before he mailed it. C.D.G. stated that he did not know what the letter said and he did not help ADDISON write the letter.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials JA       14

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 29 day of September, 2015.

|  |  |
|---|---|
| *[signature]*<br>JEREMY L. ADDISON<br>Defendant | A. LEE BENTLEY, III<br>United States Attorney<br><br>*[signature]*<br>Shawn P. Napier<br>Assistant United States Attorney |
| *[signature]*<br>Stephen J. Langs<br>Attorney for Defendant | *[signature]*<br>Katherine M. Ho<br>Assistant United States Attorney<br>Chief, Orlando Division |

Defendant's Initials JA      15